*Forrester Williams, pro se.*

PER CURIAM.—This matter purports to be a petition for writ of mandate. Rule 2-35 of this court, 1954 Edition, provides that petitions for writs of mandate shall be verified and filed in triplicate and if the relief sought relates to a proceeding in an inferior court, as does the petition herein, certified copies of all pleadings, orders and entries pertaining to the subject matter must be set out in the petition, or submitted as exhibits thereto.

Petitioner herein has not complied with this rule and for that reason said petition is dismissed.

NOTE.—Reported in 139 N. E. 2d 438.

STATE EX REL. MYLES *v.* SEDWICK, JR., AS JUDGE, ETC., ET AL.

[No. 0-464. Filed January 10, 1957.]

*Willie Eddie Myles, pro se.*

PER CURIAM.—This matter purports to be a petition for writ of mandate. Rule 2-35 of this court, 1954 Edition, provides that petitions for writs of mandate shall be verified and filed in triplicate and if the relief sought relates to a proceeding in an inferior court, as does the petition herein, certified copies of all pleadings, orders and entries pertaining to the subject matter must be set out in the petition, or submitted as exhibits thereto.

Petitioner herein has not complied with this rule and for that reason said petition is dismissed.

NOTE.—Reported in 139 N. E. 2d 435.

STATE EX REL. DELK *v.* MURRAY, JUDGE LAKE CRIMINAL COURT.

[No. 0-459. Filed January 10, 1957.]

*William Delk, pro se.*

PER CURIAM.—This matter purports to be a petition for writ of mandate. Rule 2-35 of this court, 1954 Edition, provides that petitions for writs of mandate shall be verified and filed in triplicate and if the relief sought relates to a proceeding in an inferior court, as does the petition herein, certified copies of all pleadings, orders and entries pertaining to the subject matter must be set out in the petition, or submitted as exhibits thereto.

Petitioner herein has not complied with this rule and for that reason said petition is dismissed.

NOTE.—Reported in 139 N. E. 2d 185.

ANDERSON *v.* STATE OF INDIANA.

[No. 0-461. Filed January 15, 1957.]

*Alonzo Anderson, pro se.*

PER CURIAM.—This is a petition for a belated appeal joined with a request that we order the Public Defender to represent the petitioner in the matter. The petition is fatally defective for the reason that it fails to state any facts showing any meritorious grounds for an appeal, and for the further reason that we have no authority to direct the Public Defender in the exercise of his discretion after due investigation by him. On the authority of *Lester* v. *Grant Circuit Court* (1948), 226 Ind. 186, 78 N. E. 2d 785, and *State ex rel. Casey* v. *Murray* (1952), 231 Ind. 74, 106 N. E. 2d 911, the petition for a belated appeal is denied without prejudice.

NOTE.—Reported in 139 N. E. 2d 197.

STATE EX REL. JENSEN *v.* DAVIE, JUDGE LAPORTE CIRCUIT COURT.

[No. 0-471. Filed February 15, 1957.]